IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RACHAEL ALABI,<br><br> Plaintiff,<br><br>v.<br><br>TRANS UNION LLC,<br><br> Defendant. | CIVIL ACTION FILE<br>NO. 1:25-CV-01679-SEG-JEM |

## ORDER

Pending before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP"). (Doc. 1.) For the following reasons, Plaintiff's application, (Doc. 1), is **DENIED WITHOUT PREJUDICE**, and Plaintiff is **ORDERED**, within **21 days** of the date of this Order, to either (1) pay the full filing fee, or (2) submit a complete (Long Form) IFP application answering fully and truthfully all questions posed.[1]

---

[1] Although the Sixth, Ninth, and Tenth Circuits have held that magistrate judges do not have authority to enter an order denying IFP status because the ruling is dispositive, other courts, including district courts in this and other circuits, have viewed denials of IFP applications as non-dispositive because they do not bar a plaintiff from proceeding by other means. *See Sanders v. Bayview Loan Servicing, LLC*, No. 1:19-CV-01008-LMM-AJB, 2019 WL 2354969, at *2 n. 2 (N.D. Ga. Mar. 5, 2019) (collecting cases). The Eleventh Circuit has not indicated whether a magistrate judge's denial of pauper status is a non-dispositive ruling, but a judge in this District has suggested so. *See Redford v. Planchard*, No. 1:09-mi-0199, 2009 WL 3158175, at *1 (N.D. Ga. Sept. 25, 2009) (Duffey, J. *adopting* King, M.J.) (citing *In Re Arnold v. Mortgage Electronic Registration Sys., Inc.*, 166 F. App'x 424, 425 (11th Cir. 2006) and *Camp v. Oliver*, 798 F.2d 434, 436-37 (11th Cir. 1986));

## I. DISCUSSION

The Court "may authorize the commencement . . . of any suit, action, or proceeding . . . without payment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner [or non-prisoner][2] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). This section is intended to provide indigent litigants with meaningful access to courts. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (§ 1915 is designed to ensure "that indigent persons will have equal access to the judicial system."). When considering an IFP application, the court's "only determination . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez*, 364 F.3d at 130 (internal quotes and citations omitted). An IFP application is sufficient "if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."

---

*see also Yepes v. Hininger*, No. CV514-085, 2015 WL 1546869, at *3 (S.D. Ga. Apr. 6, 2015) ("[T]he Magistrate Judge's Order on Plaintiff's Motion to Proceed in Forma Pauperis squarely falls within his authority to issue orders on nondispositive pretrial matters.") (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)). This Court finds the second group of cases more persuasive and therefore resolves the pending IFP application by order as opposed to report and recommendation. Regardless, the decision remains subject to review by the District Judge. Fed. R. Civ. P. 72(a).

[2] Although Congress used the word "prisoner" here, § 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

*Id.*; *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014) (Before denying an IFP application, the court must first compare the litigant's assets and liabilities "to determine whether he has satisfied the poverty requirement."). "Courts routinely look to household income and assets in gauging ability to pay, regardless of whether the plaintiff's spouse is or is not a party." *David v. Dep't of the Army*, No. 1:20-CV-01619-JPB, 2020 WL 9595479, at *2 (N.D. Ga. Apr. 21, 2020), *report and recommendation adopted*, 2020 WL 9595489 (N.D. Ga. May 12, 2020); *Sellers v. United States*, 881 F.2d 1061, 1063 (11th Cir. 1989) ([t]he fact that the petitioner's funds are derived from family sources does not compel the conclusion that the filing fee is due to be waived").

It bears emphasizing that § 1915 creates no absolute right to proceed in civil actions without payment of costs. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969).[3] Instead, the statute conveys a privilege to proceed to those litigants unable to pay costs without undue hardship when the action is not frivolous or malicious, and the "permission to so proceed is committed to the sound discretion of the court." *Camp*, 798 F.2d at 437; *Startti*, 415 F.2d at 1116. While the privilege of proceeding IFP does not require a litigant to demonstrate absolute destitution, "something more than mere statement and an affidavit that a man is 'poor' should be required before a claimant is allowed to proceed *in forma pauperis*." *Levy v.*

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

3

*Federated Dep't Stores*, 607 F. Supp. 32, 34 (S.D. Fla. 1984) (quoting *Evensky v. Wright*, 45 F.R.D. 506, 507-08 (N.D. Miss. 1968)).

Here, Plaintiff states that she is currently unemployed, and her only income is $300 per month that she receives for "assisting with personal care responsibilities for my mother." (Doc. 1 at 1, 5.) Plaintiff states that she has no cash, $694 in a checking account, no assets, and no one who relies on her for support. (*Id.* at 2-3.) She lists her monthly expenses as $100 for food, $100 for clothing, $105 for entertainment, and $368 for credit card installment payments, totaling $673. (*Id.* at 4-5.)[4]

Plaintiff's present application to proceed IFP does not provide adequate information for the Court to determine if she is eligible for IFP status. A statement that she is currently unemployed is insufficient. Plaintiff does not indicate that she is homeless, but she did not provide any information about monthly expenses for housing and utilities. Though she states that she receives only $300 in monthly income for assisting her mother, she also states that she pays $673 in monthly expenses with no explanation for the difference. (*Id.* at 1, 4-5.) It therefore appears that someone other than Plaintiff provides support for Plaintiff. If so, she needs to provide that information. As discussed above, in determining if Plaintiff qualifies for IFP status, the Court looks at household income and assets in gauging ability to pay, regardless of whether Plaintiff's

---

[4] The Court notes that this information is different than the information Plaintiff provided in her IFP application in another case before this Court, *Alabi v. LVNV Funding, LLC*, 1:25-cv-1678-SEG-JEM.

spouse, family members, or other individuals are parties to the case. *David*, 2020 WL 9595479, at *2; *Sellers*, 881 F.2d at 1063; *Wilson v. Sargent*, 313 F.3d 1315, 1319-20 (11th Cir. 2002) (per curiam) (funds derived from other sources such as family are relevant to indigency determination); *Igbinadolor v. Gwinnett Cnty. Sch. Dist.*, No. 1:08-CV-2402-RWS-AJB, 2009 WL 10666374, at *7-8 (N.D. Ga. Aug. 31, 2009), report and recommendation adopted, No. 1:08-CV-2402-RWS, 2009 WL 10671956 (N.D. Ga. Oct. 2, 2009) (finding that plaintiff's allegation of poverty was untrue, in part because the omissions in plaintiff's affidavit left the Court with the impression that plaintiff relied exclusively on himself, which was false).

Plaintiff may qualify for IFP treatment, but her current financial affidavit, which provides contradictory and/or incomplete answers to the questions, does not provide the Court with enough information to make that determination.

## II. CONCLUSION

For the above reasons, Plaintiff's IFP application, (Doc. 1), is **DENIED WITHOUT PREJUDICE**, and Plaintiff is **ORDERED**, within **21 days** of the date of this Order, to either (1) pay the full filing fee, or (2) submit a complete (Long Form) IFP application answering fully and truthfully all questions posed. Plaintiff is **ADVISED** that failure to do so may result in dismissal of this action.

The Clerk is **DIRECTED** to mail this Order to Plaintiff along with a blank form Application to Proceed in District Court without Prepaying Fees or Costs (Long Form).

**SO ORDERED and DIRECTED** May 5, 2025.

_____
J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE