IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RACHAEL ALABI,

     **Plaintiff,**

**v.**

                              **CIVIL ACTION FILE
NO. 1:25-CV-01679-SEG-JEM**

**TRANS UNION LLC,**

     **Defendant.**

## ORDER

Pending before the Court are three motions filed by Plaintiff. For the following reasons, Plaintiff's Motion to Redact Plaintiff's Personal Address from Publicly Filed Court Documents, (Doc. 4), and Motion to Redact Plaintiff's Personal Home Address from Docket, (Doc. 5), are **DENIED**, and Plaintiff's Motion to Cure Deficient Service and for Nunc Pro Tunc Correction Due to Omission of Summons, (Doc. 9), is **GRANTED**.

## I.    DISCUSSION

### A.    Motions to Redact Plaintiff's Personal Address

In these motions, Plaintiff asks the Court to redact her home address from the docket, public access systems, and all publicly accessible court filings. (Docs. 4, 5.) In one motion, Plaintiff cites Rule 5.2 as her authority for this request. (Doc. 4 at 1.) However, Rule 5.2 does not contemplate the redaction of a pro se plaintiff's address from the docket or any publicly accessible system or document. *See* Fed. R. Civ. P. 5.2(a) (governing the redaction of "an individual's

social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number"). And the Court is not aware of any authority for doing so. In fact, it is critical that Plaintiff's address be visible because the Clerk and Defendant must at all times be aware of the location where Plaintiff receives her case-related communications. Plaintiff may choose to designate another address for that purpose, such as a Post Office box, but she is responsible for regularly checking that address to ensure that she does not miss any such communications.

Accordingly, Plaintiff's Motions to Redact her Personal Address, (Docs. 4, 5), are **DENIED**.

### B.    <u>Motion to Cure Deficient Service</u>

Plaintiff's Complaint was docketed on May 8, 2025. (Doc. 3.) Under Rule 4, she has until August 6, 2025, to properly serve Defendant. *See* Fed. R. Civ. P. 4(m). Plaintiff filed a return of service on the docket indicating that Defendant had been served on May 28, 2025. (Doc. 8.) On June 2, 2025, Plaintiff filed this motion, in which she asserts that she inadvertently served Defendant only with the Complaint and not with the Summons, which is required by Rule 4(c)(1). (Doc. 9.) She seeks the Court's permission to perfect service on Defendant and asks that the Court either treat her perfected service as occurring on May 28, 2025, or recognize it as timely under Rule 4(m). (*Id.*) The Court declines to treat Plaintiff's impending perfected service as occurring on May 28, 2025. However, if Plaintiff perfects service on Defendant on or before August 6, 2025, then service will be timely under Rule 4(m).

Accordingly, Plaintiff's Motion to Cure Deficient Service, (Doc. 9), is **GRANTED**. As required by Rule 4(m), Plaintiff must perfect service on Defendant by August 6, 2025.

## II.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Redact Plaintiff's Personal Address from Publicly Filed Court Documents, (Doc. 4), and Motion to Redact Plaintiff's Personal Home Address from Docket, (Doc. 5), are **DENIED**, and Plaintiff's Motion to Cure Deficient Service, (Doc. 9), is **GRANTED**.

**SO ORDERED** June 4, 2025.

J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE