IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 18 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

Rachael Alabi
Plaintiff,

v.

TRANS UNION LLC
Defendant.

Case No. 1-25-cv-01679 SEG

TRIAL BY JURY DEMANDED

## AMENDED VERIFIED COMPLAINT

Rachael Alabi (Plaintiff) brings this action against TransUnion, LLC (Defendant) for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., and alleges as follows:

### JURISDICTION & VENUE

1. This Court has jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331, as this action arises under federal law.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because TransUnion conducts business in Georgia, and the events giving rise to this claim occurred within this District.

### PARTIES

3. Plaintiff is a resident of Dekalb, Georgia, and is a "consumer" as defined by 15 U.S.C. §1681a(c).

4. Defendant TransUnion, LLC is a consumer reporting agency, as defined by 15 U.S.C. § 1681a(f), that assembles and evaluates consumer credit information for furnishing to third parties. TransUnion conducts business throughout the United States, including in the state of Georgia.

### FACTUAL ALLEGATIONS

5. Plaintiff brings this action against TransUnion, LLC for its failure to maintain reasonable procedures to ensure the maximum possible accuracy of consumer information and for its failure to conduct a reasonable reinvestigation of Plaintiff's disputed credit information in violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.

1

6. On or about July 23, 2024, Plaintiff obtained a copy of their TransUnion credit report from AnnualCreditReport.com and discovered the presence of a collection accounts.

7. On September 17, 2024 and November 1, 2024, Plaintiff disputed the absence of required payment history information related to the LVNV Funding LLC accounts directly through TransUnion's online dispute portal.

8. On November 21, 2024, TransUnion responded by verifying the disputed accounts without providing any supporting documentation or conducting a reasonable reinvestigation, despite the fact that the account lacked the required payment history information necessary for an accurate report.

## COUNT I – VIOLATION OF THE FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681e(b))

Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein. Pursuant to 15 U.S.C. § 1681e(b), consumer reporting agencies, including TransUnion, are required to follow reasonable procedures to ensure the maximum possible accuracy of the information they include in consumer reports. On July 23, 2024, Plaintiff identified inaccurate and incomplete payment history information on her TransUnion credit report concerning collection accounts reported by LVNV Funding LLC. The reported information is false, incomplete, and misleading, as it fails to include required payment history data, including payment dates, payment amounts, and any payment records, which are mandatory elements under the FCRA. Payment history is a critical component of a consumer's credit report and directly impacts credit scores, as recognized in *Williams v. TransUnion, LLC*.

TransUnion failed to exercise reasonable care in compiling and reporting Plaintiff's credit information, thereby allowing the incomplete and inaccurate account information to be included in Plaintiff's report. The FCRA mandates that CRAs conduct reasonable procedures before reporting any information, as established in *Cushman v. Trans Union Corp.*, where the court held that a CRA must go beyond a cursory investigation into the reliability of the furnisher's data. The Consumer Financial Protection Bureau (CFPB) has also issued

2

guidance emphasizing that CRAs must independently verify information rather than relying solely on a furnisher's response. Additionally, in *Henson v. CSC Credit Services, 29 F.3d 280 (7th Cir. 1994)*, the court found that failing to properly investigate and correct inaccuracies violates the FCRA, supporting the contention that TransUnion acted negligently and willfully. In *Seamans v. Temple University*, the court held that even technically accurate information could still be misleading under the FCRA, reinforcing the argument that the failure to report any payment-related data creates a materially misleading impression.

As a direct and proximate result of TransUnion's failure to maintain reasonable procedures, Plaintiff has suffered a lowered credit score, denial of credit opportunities, damage to reputation, and emotional distress, anxiety, and frustration. TransUnion's actions and omissions constitute willful and negligent noncompliance with 15 U.S.C. § 1681e(b), entitling Plaintiff to actual damages, statutory damages, punitive damages, court cost and fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II – VIOLATION OF THE FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681i(a))

Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein. Under 15 U.S.C. § 1681i(a), when a consumer disputes the accuracy of an item of information, a consumer reporting agency must conduct a reasonable investigation to determine whether the disputed information is accurate. On September 17 and November 1, 2024, Plaintiff submitted a dispute to TransUnion via its online dispute portal, specifically contesting the absence of required payment history data in the LVNV Funding LLC accounts.

TransUnion failed to conduct a reasonable investigation and instead verified the inaccurate account information without obtaining supporting documentation or conducting an independent review. TransUnion merely relied on the furnisher's confirmation without requiring any account-level records or evidence to validate the accuracy of the reported information. This failure to conduct an independent investigation is contrary to *Cushman v. Trans Union Corp.*, which mandates that CRAs must do more than rely on a

3

furnisher's response. The Consumer Financial Protection Bureau (CFPB) and the Federal Trade Commission (FTC) have both issued guidance emphasizing that CRAs must independently verify disputed information rather than blindly accepting a furnisher's confirmation. The failure to adhere to these regulatory standards demonstrates reckless disregard for consumer protection laws. Additionally, in *Seamans v. Temple University*, the court held that even if an item is technically accurate, it could still be misleading under the FCRA. The omission of payment history in this case creates a misleading impression of the account's status, further underscoring TransUnion's failure to comply with the FCRA's accuracy and investigation requirements.

As a result of TransUnion's failure to conduct a reasonable investigation, Plaintiff has suffered continued reporting of false and incomplete information, ongoing damage to credit standing, denial of financial opportunities, and emotional distress, stress, and reputational harm. TransUnion's failure to conduct a reasonable investigation constitutes willful and negligent noncompliance with 15 U.S.C. § 1681i(a), entitling Plaintiff to actual damages, statutory damages, punitive damages, and court cost and fees under 15 U.S.C. §§ 1681n and 1681o.

**WHEREFORE**, Plaintiff respectfully requests

1. An order directing TransUnion to immediately delete the inaccurate information from Plaintiff's consumer report and ensure compliance with the FCRA;
2. Actual damages sustained by Plaintiff due to TransUnion's violations of the FCRA, pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1);
3. Statutory damages as provided under 15 U.S.C. § 1681n(a)(1)(A);
4. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) for willful violations of the FCRA;
5. Reasonable fees and costs incurred in bringing this action, as provided under 15 U.S.C. §§ 1681n and 1681o; and
6. Such other and further relief as the Court deems just and proper.

4

Respectfully Submitted

*[signature]*

Rachael Alabi
3564 Wesley Chapel Rd
E 119
Decatur GA, 30034
rachael.o.alabi@gmail.com
June 18, 2025

Respectfully Submitted,

*Rachael Alabi*
Rachael Alabi
3564 Wesley Chapel Rd
E119
Decatur GA 30034
rachael.o.alabi@gmail.com

Dated: June 18, 2025

5