**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

RACHAEL ALABI,

    Plaintiff,

v.                                          Case No. 1:25-cv-01679-SEG-JEM

TRANS UNION LLC,

    Defendant.

**TRANS UNION LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION
TO DISMISS PLAINTIFF'S AMENDED VERIFIED COMPLAINT**

Consumer reporting agency, Defendant Trans Union LLC ("Trans Union"), by and through its counsel of record, and pursuant to FED. R. CIV. P. 12(b)(6), hereby moves the Court for an order dismissing the Complaint filed by Plaintiff Rachael Alabi ("Plaintiff"). Trans Union submits its Memorandum in Support of its Motion to Dismiss Plaintiff's Amended Verified Complaint (the "Motion").

## I.    INTRODUCTION

Plaintiff's Complaint attempts to assert claims for relief against Trans Union under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). *See* Compl. [Doc. No. 3]. Plaintiff vaguely claims Trans Union is somehow inaccurately reporting her LVNV collection account without "required payment history information," and reporting an "inquiry from LVNV Funding, LLC," which Plaintiff

1

claims is "unauthorized." *See id.* at ¶¶ 6-7. Plaintiff further states that she "disputed the absence of required payment history information," and that Trans Union "responded by verifying the disputed account without providing any supporting documentation or conducting a reasonable investigation." *See id.* at ¶¶ 7-8. Plaintiff does not plead any facts related to damages, but requests actual damages, statutory damages, punitive damages, and reasonable fees and costs. *See id.* at Count I.

Plaintiff's claims, as pled, cannot stand. As a threshold matter, Plaintiff's Complaint presents an unsupported and seemingly conclusory narrative, that reporting her LVNV collections account without payment history, is somehow inaccurate. Plaintiff further contends, absent any plausible facts in support, that the reporting of an LVNV inquiry is "unauthorized," and therefore, inaccurate. Lastly, Plaintiff's claims that the absence of unknown "supporting documents" as part of Trans Union's investigation also somehow violates the FCRA, but does not explain how or why. Plaintiff's Complaint makes only vague, generalized, and conclusory allegations that are wholly insufficient to support her claims as Trans Union, and her claims should be dismissed.

To the extent Plaintiff intended to sue Trans Union for reporting inaccurate information in her credit report, her Complaint must be dismissed, as she does not present any facts, absent vague and conclusory self-belief that reporting her LVNV

2

account without payment history, and reporting an LVNV inquiry, which she believes is "unauthorized," is somehow inaccurate. Similarly, to the extent Plaintiff sought to assert a claim against Trans Union for an unreasonable reinvestigation, the Complaint fails because it does not allege any facts whatsoever in support of her belief that "supporting documents" are required under the FCRA, beyond Plaintiff's subjective belief perceived grievances with the alleged result of Trans Union's reinvestigation. Therefore, Trans Union requests Plaintiff's complaint be dismissed in its entirety for the foregoing reasons.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint when the allegations fail to set forth facts which, if true, would entitle plaintiff to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A complaint must raise the right to relief beyond the speculative level, and plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In considering a 12(b)(6) motion, courts should accept all well-pled facts in the complaint as true and draw all inferences in the plaintiff's favor. *Craft v. Olszewski*, 428 F. App'x 919, 921 (11th Cir. 2011). But the "duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent

3
8034509.1

of a duty to re-write it for the plaintiff." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) (quotations omitted). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Indeed, a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

Finally, although *pro se* complaints are entitled to a less stringent standard and a more liberal interpretation, courts are not required to overlook basic pleading essentials in *pro se* complaints. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "Nor does this leniency require or allow courts to 'rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *Coke v. Ret. Sys. Of Ala.*, Case No. 2:23-cv-01104-RDP, 2023 WL 6795290, *5 (N.D. Ala. Oct. 13, 2023) (quoting *GJR Investments, Inc. v. County Escambia Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

### III. ARGUMENT

**A. Plaintiff's Complaint Fails To Plead Facts Sufficient To Support A Claim For Relief Under §§ 1681e(b), 1681i or 1681b Of The Fair Credit Reporting Act.**

Plaintiff purports to allege that Trans Union has somehow violated § 1681e(b)

4

and § 1681 (i) of the FCRA, but has failed to state a claim for which relief may be granted, as the Complaint lacks the prima facie elements to state either claim. *See* Compl. ¶¶ 5-8; Count I.

Section 1681e(b) ("reasonable procedures") requires Plaintiff to plead and prove that: (1) inaccurate information was included in a consumer report, (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure the maximum possible accuracy of the consumer report, (3) plaintiff suffered damages, and (4) plaintiff's damages were caused by defendant's failure to follow reasonable procedures to assure maximum possible accuracy. *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156–60 (11th Cir. 1991). Further, Plaintiff must demonstrate that a third party reviewed her Trans Union's credit report and denied her credit as a result of the alleged inaccurate reporting. *See Pettway v. Equifax Info. Servs., LLC*, No. 08-0618-KD-M, 2010 U. S. Dist. LEXIS 13800, at *22-23 (S.D. Ala. Feb. 12, 2010).

For Section § 1681i ("reasonable reinvestigation") claims, Plaintiff must sufficiently plead that: (1) their consumer file contained inaccurate or incomplete information; (2) Plaintiff notified Trans Union of the alleged inaccuracy; (3) the dispute is not frivolous or irrelevant; (4) Trans Union failed to respond or conduct a reasonable reinvestigation of the disputed items; and (5) the failure to

5

reinvestigate caused Plaintiff to suffer damages. *Lazarre v. JPMorgan Chase Bank*, N.A., 780 F. Supp. 2d 1320, 1329 (S.D. Fla. 2011) (citation omitted). However, "[a]ccurate reporting is a complete defense to . . . a 1681i claim." *Solus v. Regions Bank*, No. 1:19-CV-2650-CC-JKL, U.S. Dist. LEXIS 126826, *12 (N.D. Ga. July 17, 2020) (citing *Cahlin* at 1156 (11th Cir. 1991)).

Therefore, as to both § 1681e(b) and § 1681i claims, "to establish a violation of either section, [Plaintiff] must make a threshold showing that [Trans Union] reported or maintained ***inaccurate*** information." *See Jefferson v. Trans Union, LLC*, No. CV 5:23-076 2023 U.S. Dist. LEXIS 187387, at *5 (S.D. Ga. Oct. 18, 2023) (quoting *Alexander v. Certegy Check Servs.*, Inc. No. 8:16-CV-859-17, 2016 U.S. Dist. LEXIS 138131 (M.D. Fla. Oct. 4, 2016)) (emphasis added). "Absent an inaccuracy in a credit report that was published to a third party, no damages proximately caused by an FCRA violation would result." *Morris v. Trans Union LLC*, 420 F. Supp. 2d 733, 750 (S. D. Tex. 2005) (adopted by 420 F. Supp. 2d 733 (S. D. Tex. 2006)), *aff'd* 224 F. App'x 415 (5th Cir. 2007) (emphasis added).

First, Plaintiff fails to allege sufficient factual allegations to support how or why the LVNV account reporting without payment history, or the "unauthorized" inquiry is somehow inaccurate under the FCRA. *See generally* Compl. Here, Plaintiff only vaguely alleges that the Trans Union inaccurately reporting her

LVNV collection account without "required payment history information," but does not explain how or why payment history for a collection account would be required under the FCRA. Courts in this district have held that the "lack of a comprehensive account or payment history is of no matter, when the report, viewed as a whole, does not mislead the user about the status of the account." *See Harris v. Trans Union, LLC*, No. 1:25-cv-192-MLB-JKL, 2025 U.S. Dist. LEXIS 98701 *19 (N.D. Ga. May 23, 2025). Notably missing from Plaintiff's allegations, is any factual to support that she has paid the outstanding collections account, made any payments at all to LVNV Funding, LLC, or that the account, as a whole, is misleading. Plaintiff has brought forth no factual enhancement for the Court to reasonably infer that the reporting of her LVNV Account reporting, absent the proposed payment history, is somehow inaccurate and violates the FCRA. Even if Plaintiff had plead facts related to some unknown prior payments to LVNV Funding, or otherwise, "there is no obligation by the CRA to include all possible positive information in its credit report." *See id* at *15 (N.D. Ga. May 23, 2025). Given that Plaintiff has failed to plausibly allege inaccurate reporting as to the LVNV collections account absent payment history, her claim should be dismissed.

Plaintiff further alleges that Trans Union is reporting an "inquiry from LVNV Funding, LLC," which is "unauthorized." *See* Compl. at ¶¶ 6-7. The

7
8034509.1

Complaint does not explain how or why Plaintiff subjectively believes the inquiry is "unauthorized." To the extent Plaintiff's attempts to claim that Trans Union has violated 15 U.S.C. § 1681b of the FCRA, for disclosure of her credit report to LVNV Funding, LLC, without her permission, consent or personal authorization, such a claim would be inactionable against Trans Union.

Section 1681b of the FCRA sets forth numerous permissible purposes under which a CRA is permitted to prepare a consumer report. *See* 15 U.S.C. § 1681b. Although a CRA may prepare a consumer report "in accordance with the written instructions of the consumer to who it relates," the consumer's consent is generally not required. *Id.* § 1681b(a). Some of the many permissible purposes include: (1) in connection with "a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer;" (2) "for employment purposes;" (3) for "the underwriting of insurance involving the consumer;" (4) "in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law;" (5) as "a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or repayment risks associated with, an existing credit obligation;" or (6) more generally, "in connect with a business transaction that is initiated by the

consumer" or "to review an account to determine whether the consumer continues to meet the terms of the account." 15 U.S.C. § 1681b(a)(3)(A-F).

For this reason, case law holds that Trans Union cannot be liable under the FCRA for furnishing consumer reports to a person it believes will use the information for one of the several permissible purposes. *See generally id; see also Huertas v. Galaxy Asset Mgmt.,* 643 F.3d 28, 34 (3rd Cir. 2011)("the statute expressly permits distribution of a consumer reporting to any entity that 'intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consume.'"); *Watson v. Ciconte, Wasserman, Scerba & Kerrick LLC*, 2015 WL 4967058, *3 (D. Del. Aug. 19, 2015)(holding "Section 1681 permits a consumer reporting agency to furnish a consumer report to a person which it has reason to believe 'intends to use the information in connection with a credit transaction involving the consumer on whom the information to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer.'"); *DeBose v. Experian Info. Solutions, Inc.*, No. 8:21-cv-416-KKM-TGW, 2021 WL 9598214, at *1 (M.D. Fla. Apr. 1, 2021)("plaintiff's bald assertion that defendant wrongly disclosed his consumer

report because defendant did not have written instructions from plaintiff to do so does not state a violation of the FCRA.").

In fact, as enumerated above, Trans Union is permitted under the FCRA to disclose Plaintiff's credit report, (1) in connection with "a credit transaction involving the consumer" and including for "collection of an account of, the consumer." *See* 15 U.S.C. § 1681b(a)(3)(3). Notably missing from the pleadings, are any allegations in support of Plaintiff's position that the LVNV Funding, LLC inquiry was indeed "unauthorized," or that Trans Union did not have a permissible purpose for furnishing her credit report. Importantly, Plaintiff admits in a separately filed action that LVNV Funding, LLC is attempting to collect a debt related to a Credit One Bank credit agreement she entered into, and therefore, is acting as a debt collector. *See Rachael Alabi v. LVNV Funding, LLC*, Case No. 1:25-cv-1678, Doc, 3, Compl. ¶¶ 5-11. Plaintiff has failed to present any factual allegations to support her position that the LVNV inquiry was "unauthorized," or that Trans Union somehow violated the FCRA, by furnisher her credit report with her consent or permission, and therefore, has failed to state a claim that Trans Union violated the FCRA.

Lastly, Plaintiff's allegations of an unreasonable reinvestigation are conclusory and fail to provide any supporting facts to show how Trans Union's

10

actions were unreasonable, and therefore, is insufficient to state a claim. *See e.g., Leff v. Bank of New York Mellon*, 2015 WL 8664249, at *3 (D. Nev. Dec. 11, 2015) (dismissing complaint that raised only conclusory allegations that FCRA reinvestigation was unreasonable); *O'Connor v. Capital One, N.A.*, 2014 WL 2215965, at *7 (N.D. Cal. May 29, 2014) (dismissing complaint when plaintiff "fail[ed] to offer any factual allegations supporting his contention that Defendant's investigation of his disputed account was unreasonable.").

When conducting a reinvestigation, the FCRA requires a CRA to "review and consider all relevant information submitted by the consumer," but "it does not say that the agency must accept it at face value." *Anderson v. Trans Union LLC*, 367 F. Supp. 2d 1225, 1234 (W.D. Wis. 2005).

Here, Plaintiff simply claims that Trans Union failed to conduct a reasonable reinvestigation, when she "disputed the absence of required payment history information," and Trans Union "responded by verifying the disputed account without providing any supporting documentation or conducting a reasonable investigation." *See Compl.* at ¶¶ 7-8. However, Plaintiff provides no support for this contention that such undefined "supporting documentation" being required by the FCRA.

To the contrary, there is no requirement in the FCRA that Trans Union must obtain or provide the consumer with any documents regarding the inner workings of their investigations, much less proof or written validation/verification of underlying debt. *See* 15 U.S.C. § 1681i; *see also, e.g.*, *Whiteford v. Equifax, Inc.*, Case No. 2:21-cv-00094-WSS (W.D. Penn. Aug. 18, 2021) (granting Defendants' motion for judgment on the pleadings and holding, "CRAs are not responsible for maintaining or presenting original copies of 'contracts' for the accounts they report"); *Butler v. Equifax Info. Servs. LLC*, No. 3:17-cv-422, 2018 WL 5986534 (N.D. Fla. 2018) ("[the FCRA] does not mandate Equifax . . . obtain and provide plaintiff with the original loan documents he signed", adopted in full by 2018 WL 5981841 (N.D. Fla. Nov. 14, 2018); *Watkins v. Experian Info. Solutions, Inc.*, No. 6:13-CV-00239-WSS-JCM, 2014 WL 12879669, at *8-9 (W.D. Tex. Sept. 8, 2014) (holding that the FCRA does not require consumer reporting agencies to obtain and/or dispute original loan documents); *Jackson v. Warning*, No. PJM 15-1233, 2016 WL 7228866, at *9 (D. Md. Dec. 13, 2016) (same); *Brill v. Trans Union, LLC*, 838 F.3d 919, 921 (7th Cir. 2016) (holding Trans Union had no duty to verify the accuracy of a signature on an automobile lease agreement that the plaintiff had asserted was forged). In light of the above, and because case law holds that Trans Union is not required to obtain or provide Plaintiff with original contracts, original

loan documents, and validation/verifications for underlying debts that same logic seemingly applies to undefined "verified business records" as well. And therefore, to the extent that Plaintiff asserts that undefined "supporting documents" are a requisite of a reasonable reinvestigation under the FCRA, Plaintiff's claims must fail.

Overall, Plaintiff has failed to properly allege any factual support her allegations in support of her claims FCRA, beyond the conclusory and speculative level. Plaintiff's allegations fail to rise to the pleading standing required by the Federal Rules of Civil Procedure, and to notify Trans Union of the allegations against it. Therefore, the Complaint should be dismissed.

### B. Plaintiff's Complaint Should Be Dismissed With Prejudice Because Any Amended Would Be Futile.

Plaintiff's claims should be dismissed with prejudice because, as demonstrated in the sections above, Plaintiff simply cannot plead plausible claims for relief against Trans Union and, as a result, any amendment to the Complaint would be futile. The Supreme Court and the Eleventh Circuit have enumerated factors which allow for the denial of a motion to amend, including undue prejudice to the opposing party, undue delay, bad faith on the part of the movant, futility of the motion, or repeated failure to cure deficiencies by previous amendments. *See Forman v. Davis*, 371 U.S. 178, 182 (1962); *see also Equity Lifestyle Props., Inc.*

*v. Fla. Mowing & Landscape*, 556 F.3d 1232, 1241 (11th Cir. 2009); *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004) ("A district court may properly deny leave to amend the complaint under rule 15(a) when such amended would be futile."). Plaintiff cannot manipulate the facts to state a claim under the FCRA based on mere conjecture. Accordingly, this case should be dismissed with prejudice and without leave to amend

## IV. CONCLUSION

For the foregoing reasons, Defendants Trans Union, LLC respectfully request this Honorable Court dismiss the Plaintiff's Amended Verified Complaint pursuant to Rule 12(b)(6), and for such relief as the Court deems necessary.

Respectfully submitted,

*/s/ Paul W. Sheldon*
Paul W. Sheldon
Georgia Bar No. 947098
psheldon@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
(214) 560-5453
(214) 871-2111 Fax
***Counsel for Trans Union LLC***

14

8034509.1

# LOCAL RULE 5.1 CERTIFICATION

I hereby certify DEFENDANT TRANS UNION LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED VERIFIED COMPLAINT has been prepared in Times New Roman 14-point font in accordance with Local Rule 5.1.

*/s/ Paul W. Sheldon*
**PAUL W. SHELDON**

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

I hereby certify that I have emailed and mailed by United States Postal Service the above and foregoing document to the following non-CM/ECF participant:

Rachael Alabi
rachael.o.alabi@gmail.com
3564 Wesley Chapel Road, E 119
Decatur, GA 30034
(646) 966-3612
*Pro se Plaintiff*

> */s/ Paul W. Sheldon*
> **PAUL W. SHELDON**

8034509.1